UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT MARRIOT MEDICAL CORP. D/B/A ADVANTAGE WOUND CARE, INC. | * | CIVIL ACTION NO. 6:25-cv-00834 |
| VERSUS | * | JUDGE ROBERT R. SUMMERHAYS |
| WELLSPRING WOUND CARE, LLC, CHAD BAILEY, AND RACHEAL BAILEY | * | MAG. JUDGE CAROL B. WHITEHURST |

**************************************************************************

## DEFENDANTS' DEFENSES, ANSWER AND COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, come Wellspring Wound Care, LLC ("Wellspring"), Mr. Chad Bailey ("Chad Bailey") and Ms. Racheal Bailey (Racheal Bailey) (sometimes collectively referred to herein as "Defendants"), who submit this Defenses and Answer pleading and who, with full reservation of all rights, defenses, objections and claims and subject to the right to supplement and amend this Defenses and Answer pleading, respond to the Plaintiff's Complaint for Damages and Injunctive Relief ("Complaint") as follows:

## I.  DEFENSES

### First Defense

Plaintiff fails to state a claim for relief for any of the claims purportedly asserted in the Complaint, including, without limitation, any claim for damages, injunctive relief and attorneys' fees. The Complaint lacks sufficient factual allegations to support any legal claim; the facts alleged in the Complaint do not constitute valid legal claims cognizable under the law; and the facts alleged in the Complaint do not raise a plausible claim for relief. In this regard, Plaintiff has failed to sufficiently plead facts establishing any claim for relief, in whole or in part, as a matter of fact or law, based on the allegations in the Complaint or lack thereof. Moreover, the facts alleged in the

1

Complaint do not state cognizable or plausible claims for relief. As such, the Complaint and all claims and causes of action asserted by Plaintiff must be dismissed.

### Second Defense

Defendants are not liable for any of the purported claims asserted in the Complaint and Plaintiff is not entitled to any damages, interest, injunctive relief, penalties, attorneys' fees or other relief sought.

### Third Defense

Defendants assert the defenses of waiver, release and estoppel. As a result of its own fault, negligence, actions, errors, lack of diligence, delay and omissions, Plaintiff has waived and released the alleged claims asserted in the Complaint and is estopped from pursuing such claims and the relief sought therein.

### Fourth Defense

Defendants assert the defense of failure to mitigate any alleged harm or damages. Plaintiff has failed to mitigate the alleged harm and damages claimed in the Complaint and has also caused or contributed to any alleged harm and damages. As such, Defendants assert Plaintiff's failure to mitigate and Plaintiff's sole, comparative or contributory fault and, to the extent applicable, the fault, negligence, actions, errors and omissions of third parties. Defendants assert that Plaintiff has failed to take reasonable efforts or means to protect its alleged business interests. Furthermore, Plaintiff allowed significant time to lapse before filing the Complaint and, as to its alleged harm or damages, Plaintiff failed to mitigate same by expeditiously hiring new employees and servicing its customers and business interests or to secure business. Defendants also assert the defenses of waiver, estoppel and laches in this regard. Additionally, Plaintiff failed to take reasonable steps and measures in connection with the individual Defendants' employment regarding the matters

placed in issue and Plaintiff failed to take reasonable steps and measures in connection with their separation of employment.

**Fifth Defense**

Defendants assert the defenses of prescription, statute of limitations, preemption and laches as against the purported claims in the Complaint which were untimely filed and otherwise time-barred. Defendants assert these defenses against all alleged claims in the Complaint predicated upon any basis, including, but in no way limited to, alleged tortious conduct and/or other offenses or quasi-offenses.

**Sixth Defense**

Defendants assert the defense of good faith. Specifically, at all times pertinent to the Complaint, Defendants acted reasonably, in good faith and without malice, ill will or spite. Defendants assert further that Plaintiff has unclean hands and has acted in bad faith.

**Seventh Defense**

Defendants assert that the Complaint is groundless and brought by Plaintiff in bad faith and/or for purposes of harassment and that, as a result, Defendants are entitled to an award of reasonable attorneys' fees and costs pursuant to La. R.S. 51:1409. The Complaint was brought by Plaintiff with full knowledge that the Restrictive Covenants including, without limitation, the anti-competition and anti-solicitation provisions in the Employment Agreements of Rachel Bailey and Chad Bailey are void, illegal, against public policy and unenforceable under Louisiana law. Moreover, any purported violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, et seq., alleged in the Complaint are without any factual or legal support and do not state cognizable claims for relief. The allegations of the Complaint fail factually and legally to assert any unfair or deceptive methods, acts, or practices declared unlawful under La. R.S.

51:1405, et seq. Furthermore, such claims have been brought by Plaintiff in bad faith as a method of unfair competition and/or in an effort to prevent lawful competition. Defendants also assert the one-year preemptive or prescriptive period applicable to LUPTA claims.

### Eighth Defense

To the extent Plaintiff is seeking to enforce any alleged obligations or liabilities beyond those which are legally permitted by applicable law or which would otherwise be contrary to public policy, unenforceable or unreasonable, Defendants assert that such claims are barred and that Plaintiff has failed to state a cognizable claim for relief therefor.

### Ninth Defense

Defendants assert all statutory defenses provided by any statute or law under which Plaintiff has sued, asserted claims or seeks relief. Defendants also assert and demand Plaintiff's compliance with all elements of required proof, standards, and any other prerequisites or conditions for such claims. To the extent Plaintiff has failed to comply with same, Defendants assert Plaintiff's alleged claims and requests for relief are waived and released and/or that Plaintiff is estopped from asserting same. Defendants also assert that Plaintiff has failed to state a cognizable claim for relief.

### Tenth Defense

Defendants assert that any claims for relief related to alleged confidential or proprietary information are barred, are insufficient and/or that Plaintiff is estopped from asserting such claims or seeking relief. Plaintiff has failed to provide, identify or specify the items of information that it asserts are confidential or protected by law, that such information is not otherwise available through public sources or general knowledge, that such information derives economic value by being confidential or that the Plaintiff took reasonable steps or measures to protect or keep such

information confidential. Moreover, the alleged confidential or proprietary information was either routinely shared by Plaintiff with customers, potential customers or others. Furthermore, the alleged proprietary or confidential information had no meaningful business or commercial value, was not subject to protection, or could easily be obtained through independent means. As such, Defendants additionally assert the defenses of estoppel and waiver as well as Plaintiff's failure to mitigate any alleged harm or damages and failure to state a cognizable claim for relief.

### Eleventh Defense

To the extent that Plaintiff is attempting to enforce any purported obligations which are no longer in effect or which have expired, Defendants assert the defenses of discharge, extinguishment and performance. Moreover, Chad Bailey and Rachel Bailey voluntarily separated their prior employment with Plaintiff thereby terminating their Employment Agreements and other agreements with Plaintiff relative thereto.

### Twelfth Defense

To the extent that Plaintiff is asserting a claim for fines, punitive damages, liquidated damages, treble damages, penalties or similar damages, Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted as a matter of fact and law. The facts alleged fail to state a cognizable claim for such relief and there is no basis for the award of such damages. At all times material to this matter, Defendants acted in good faith, reasonably, without malice, spite or ill will and within the bounds of the law. Any assertion or imposition of fines, punitive damages, treble damages, penalties or liquidated damages would be violative of the rights of Defendants under the facts and the law (federal, state and constitutional). Defendants assert and invoke the rights and protections granted to them including, without limitation, all rights and protections

5

under the United States Constitution and the Amendments thereto as well as the Constitution and laws of the State of Louisiana.

### Thirteenth Defense

Defendants further assert the defenses of prematurity or, alternatively, waiver and estoppel with respect to Plaintiff's unfair trade practices claims based upon Plaintiff's failure to comply with and/or satisfy the requirements and prerequisites of LUTPA.

### Fourteenth Defense

Defendants assert that Plaintiff is not entitled to any injunctive relief insofar as Plaintiff has failed to allege irreparable harm, injury, loss or damages. Moreover, Defendants assert that Plaintiff has not suffered and is not likely to suffer any harm, injury, loss or damages irreparable or not with respect to the purported claims in the Complaint. The conditions precedent to obtaining injunctive relief have not been pled and cannot be proven. The Complaint fails to state a cognizable claim for injunctive relief. Alternatively and to the extent that the Court grants injunctive relief, which Defendants dispute and contest, Defendants demand that Plaintiff post a bond and security in order to obtain such injunctive relief.

### Fifteenth Defense

To the extent that any of the Defendants were bound by contractual obligations, which are contested and denied, Defendants assert the expiration and/or extinguishment of such obligations. Moreover, to the extent that Plaintiff failed to perform any contractual or legal obligations, conditions precedent have not been met or there has been a lack or failure of consideration and, as such, the Complaint fails to state a cognizable claim for relief and its purported claims are barred. Defendants additionally asserts waiver and estoppel.

**Sixteenth Defense**

Defendants assert that the Complaint is vague or ambiguous and fails to state a claim for relief as it does not identify any customers, contracts or jobs that Plaintiff allegedly lost or will lose as the proximate cause of any purported unlawful activity of Defendants. Defendants further assert that Plaintiff has not lost any customers, contracts or jobs or incurred any harm or damages as the result of the alleged activity of Defendants. Moreover, the lawsuit is vague and ambiguous and fails to state a claim for relief since it does not identify with specificity the alleged trade secrets, confidential information or proprietary information at issue and for which Plaintiff claims was used or misappropriated. All allegations are generic and general in nature and lack specificity and particularity.

**Seventeenth Defense**

Defendants assert that they did not knowingly or otherwise access a protected computer, or cause the transmission of any program, information, code or command without authorization or in excess of authorization and they did not intentionally or recklessly cause damage to a protected computer within the meaning and scope of Computer Fraud and Abuse Act, 18 U.S.C. Section 1030, et seq. ("CFAA"). Moreover, the Complaint fails to state a cognizable claim for relief under the CFAA.

**Eighteenth Defense**

Defendants assert that at no time did they intentionally or otherwise dispossess and/or exercise dominion or control over any property or property rights of Plaintiff in denial of or inconsistent with Plaintiff's alleged rights or interests. As such, the Complaint fails to state a cognizable claim for conversion.

**Nineteenth Defense**

Defendants assert that at no time was there any enrichment on the part of the Defendants having a causal relationship to any impoverishment on the part of the Plaintiff absent justification and/or without remedy at law. As such, the Complaint fails to state a cognizable claim for unjust enrichment.

**Twentieth Defense**

Defendants assert that at no time was there any agreement between Defendants to commit any allegedly illegal or tortious act which resulted in any alleged injury to Plaintiff. As such, the Complaint fails to state a cognizable claim involving a conspiracy.

**Twenty-First Defense**

Defendants reserve the right to amend and/or supplement this Defenses and Answer pleading and to plead additional defenses, denials, objections, claims and allegations during the course of these proceedings.

AND NOW, subject to the above references defenses and will full reservation and assertion thereof, Defendants hereby respond to the Complaint as follows:

## II. ANSWER TO COMPLAINT

1.

In response to the Introduction of the Complaint, any and allegations of wrongdoing and liability are denied.

2.

In response to the unnumbered "**PRELIMINARY STATEMENT**" in the Complaint, said allegations are denied.

3.

In response to the allegations of paragraph 1 of the Plaintiff's Complaint, said allegations are denied for lack of sufficient information and knowledge to justify a belief therein.

4.

In response to the allegations of paragraph 2 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants do admit that Wellspring is a Louisiana limited liability company with its principal place of business located in Lafayette Parish, Louisiana.

5.

In response to the allegations of paragraph 3 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants do admit that Chad Bailey is a domiciliary and resident of Lafayette, Louisiana.

6.

In response to the allegations of paragraph 4 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants do admit that Racheal Bailey is a domiciliary and resident of Lafayette, Louisiana.

7.

In response to the allegations of paragraph 5 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants further respond by stating that they do not contest this Honorable Court's subject matter jurisdiction.

8.

In response to the allegations of paragraph 6 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants further respond by stating that they do not contest venue with this Honorable Court.

9.

In response to the allegations of paragraph 7 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants further respond by stating that they do not contest this Honorable Court's subject matter jurisdiction.

10.

In response to the allegations of paragraph 8 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. The allegations of paragraph 8 of the Complaint are further denied for lack of sufficient information and knowledge to justify a belief therein. Defendants do admit that Advantage is in the wound care business.

11.

In response to the allegations of paragraph 9 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Chad Bailey does admit that he was previously engaged as an independent contractor with Advantage and he subsequently became employed with Advantage before his separation of employment on or about September 26, 2024.

12.

In response to the allegations of paragraph 10 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Racheal Bailey does admit that she was previously engaged as an independent contractor with Advantage and she subsequently became employed with Advantage before her separation of employment on or about June 16, 2024.

13.

In response to the allegations of paragraph 11 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Chad Bailey further responds by stating that during the time that he was engaged and/or employed by Advantage, he rendered wound care services to patients at various locations in the State of Louisiana.

14.

In response to the allegations of paragraph 12 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Racheal Bailey further responds by stating that during the time that she was engaged and/or employed by Advantage, she rendered wound care services to patients at various locations in the State of Louisiana.

15.

In response to the allegations of paragraph 13 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Chad Bailey further responds by stating that during the time that he was engaged and/or employed by Advantage, he rendered wound care services to patients at various locations

in the State of Louisiana.

16.

In response to the allegations of paragraph 14 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Racheal Bailey further responds by stating that during the time that she was engaged and/or employed by Advantage, she rendered wound care services to patients at various locations in the State of Louisiana.

17.

In response to the allegations of paragraph 15 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Chad Bailey does admit that his signature is on the document submitted as Exhibit "1" with the Complaint.

18.

In response to the allegations of paragraph 16 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Racheal Bailey does admit that her signature is on the document submitted as Exhibit "2" with the Complaint.

19.

In response to the allegations of paragraph 17 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants further respond by stating that the documents submitted with the Complaint as Exhibits "1" and "2" provide the best evidence of the contents thereof.

20.

In response to the allegations of paragraph 18 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.   Defendants further respond by stating that the documents submitted with the Complaint as Exhibits "1" and "2" provide the best evidence of the contents thereof.

21.

In response to the allegations of paragraph 19 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Chad Bailey does admit that his signature is on the document submitted with the Complaint as Exhibit "3."

22.

In response to the allegations of paragraph 20 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Racheal Bailey does admit that her signature is on the documents submitted as Exhibit "4" and "5" with the Complaint.

23.

In response to the allegations of paragraph 21 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Defendants further respond by stating that the documents submitted as Exhibits "3" and "4" with the Complaint provide the best evidence of the contents thereof.

24.

In response to the allegations of paragraph 22 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the

Defendants. Chad Bailey does admit that his signature is on the document submitted with the Complaint as Exhibit "6."

25.

In response to the allegations of paragraph 23 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Racheal Bailey does admit that her signature is on the document submitted with the Complaint as Exhibit "7."

26.

In response to the allegations of paragraph 24 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants further respond by stating that Exhibits "6" and "7" provide the best evidence of the contents thereof.

27.

In response to the allegations of paragraph 25 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants further respond by stating that Exhibits "6" and "7" provide the best evidence of the contents thereof.

28.

In response to the allegations of paragraph 26 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Chad Bailey admits that his signature is on the document submitted as Exhibit "8" with the Complaint.

29.

In response to the allegations of paragraph 27 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Racheal Bailey admits that her signature is on the document submitted as Exhibit "9" with the Complaint.

30.

In response to the allegations of paragraph 28 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Defendants further respond by stating that the documents submitted as Exhibits "8" and "9" with the Complaint provide the best evidence of the contents thereof.

31.

In response to the allegations of paragraph 29 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Chad Bailey does admit that his signature is on the document identified as Exhibit "10" with the Complaint.

32.

In response to the allegations of paragraph 30 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants. Racheal Bailey does admit that her signature is on the document identified as Exhibit "11" with the Complaint.

33.

In response to the allegations of paragraph 31 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the

Defendants.  Defendants further respond by stating that the documents identified as Exhibits "10" and "11" with the Complaint provide the best evidence of the contents thereof.

34.

In response to the allegations of paragraph 32 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Defendants further respond by stating that the documents identified as Exhibits "10" and "11" with the Complaint provide the best evidence of the contents thereof.

35.

In response to the allegations of paragraph 33 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Defendants further respond by stating that the documents identified as Exhibits "10" and "11" with the Complaint provide the best evidence of the contents thereof.  Defendants further assert that the purported restrictions contained in Exhibits "10" and "11" are unenforceable as a matter of law.

36.

In response to the allegations of paragraph 34 of the Plaintiff's Complaint, said allegations are denied.

37.

In response to the allegations of paragraph 35 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Defendants further respond by stating that the documents identified as Exhibits "10" and "11" with the Complaint provide the best evidence of the contents thereof.  Defendants further assert that the purported restrictions contained in Exhibits "10" and "11" are unenforceable as a

matter of law.

38.

In response to the allegations of paragraph 36 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Defendants further respond by stating that the documents identified as Exhibits "10" and "11" with the Complaint provide the best evidence of the contents thereof.  Defendants further assert that the purported restrictions contained in Exhibits "10" and "11" are unenforceable as a matter of law.

39.

In response to the allegations of paragraph 37 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendants.  Defendants further respond by stating that the documents identified as Exhibits "10" and "11" with the Complaint provide the best evidence of the contents thereof.  Defendants further assert that the purported restrictions contained in Exhibits "10" and "11" are unenforceable as a matter of law.

40.

In response to the allegations of paragraph 38 of the Plaintiff's Complaint, said allegations are denied, as written.

41.

In response to the allegations of paragraph 39 of the Plaintiff's Complaint, said allegations are denied, as written.

42.

In response to the allegations of paragraph 40 of the Plaintiff's Complaint, said allegations

are denied, as written.

43.

In response to the allegations of paragraph 41 of the Plaintiff's Complaint, said allegations are denied, as written. Defendants admit that Racheal Bailey was previously employed with Advantage and that she resigned from Advantage effective on or about June 16, 2024 and that she is employed with Wellspring.

44.

In response to the allegations of paragraph 42 of the Plaintiff's Complaint, said allegations are denied, as written. Defendants do admit that Chad Bailey was previously employed with Advantage and that he resigned effective on or about September 26, 2024 and that he is employed with Wellspring.

45.

In response to the allegations of paragraph 43 of the Plaintiff's Complaint, said allegations are denied.

46.

In response to the allegations of paragraph 44 of the Plaintiff's Complaint, said allegations are denied, as written.

47.

In response to the allegations of paragraph 45 of the Plaintiff's Complaint, said allegations are denied.

48.

In response to the allegations of paragraph 46 of the Plaintiff's Complaint, said allegations are denied.

49.

In response to the allegations of paragraph 47 of the Plaintiff's Complaint, said allegations are denied.

50.

In response to the allegations of paragraph 48 of the Plaintiff's Complaint, said allegations are denied.

51.

In response to the allegations of paragraph 49 of the Plaintiff's Complaint, said allegations are denied.

52.

In response to the allegations of paragraph 50 of the Plaintiff's Complaint, said allegations are denied, as written. Defendants further respond by stating that Chad Bailey and Racheal Bailey's cell phones were imaged by a third party forensic examiner who conducted a forensic examination based on an agreed-upon protocol and that the results establish that Chad Bailey and Racheal Bailey did not misappropriate any confidential information, proprietary information or trade secrets and that they did not engage in any improper or unlawful conduct.

53.

In response to the allegations of paragraph 51 of the Plaintiff's Complaint, said allegations are denied. Defendants further respond by stating that the purported restrictive covenants contained in the referenced Agreement are invalid and unenforceable and fail to comply with Louisiana law.

54.

In response to the allegations of paragraph 52 of the Plaintiff's Complaint, said allegations

are denied.

55.

In response to the allegations of paragraph 53 of the Plaintiff's Complaint, said allegations are denied.

56.

In response to the allegations of paragraph 54 of the Plaintiff's Complaint, said allegations are denied.

57.

In response to the allegations of paragraph 55 of the Plaintiff's Complaint, said allegations are denied.

58.

In response to the allegations of paragraph 56 of the Plaintiff's Complaint, said allegations are denied.

59.

In response to the allegations of paragraph 57 of the Plaintiff's Complaint, said allegations are denied.

60.

In response to the allegations of paragraph 58 of the Plaintiff's Complaint, said allegations are denied.

61.

In response to the allegations of paragraph 59 of the Plaintiff's Complaint, said allegations are denied.

62.

In response to the allegations of paragraph 60 of the Plaintiff's Complaint, said allegations are denied.

63.

In response to the allegations of paragraph 61 of the Plaintiff's Complaint, said allegations are denied.

64.

In response to the allegations of paragraph 62 of the Plaintiff's Complaint, said allegations are denied.

65.

In response to the allegations of paragraph 63 of the Plaintiff's Complaint, said allegations are denied.

66.

In response to the allegations of paragraph 64 of the Plaintiff's Complaint, said allegations are denied.

67.

In response to the allegations of paragraph 65 of the Plaintiff's Complaint, said allegations are denied.

68.

In response to the allegations of paragraph 66 of the Plaintiff's Complaint, said allegations are denied.

69.

In response to the allegations of paragraph 67 of the Plaintiff's Complaint, said allegations

are denied.

70.

In response to the allegations of paragraph 68 of the Plaintiff's Complaint, said allegations are denied.

71.

In response to the allegations of paragraph 69 of the Plaintiff's Complaint, said allegations are denied.

72.

In response to the allegations of paragraph 70 of the Plaintiff's Complaint, said allegations are denied.

73.

In response to the allegations of paragraph 71 of the Plaintiff's Complaint, said allegations are denied.

74.

In response to the allegations of paragraph 72 of the Plaintiff's Complaint, said allegations do not require a response since they purport to assert a legal conclusion.  To the extent that a response is required and to the extent that Plaintiff is asserting any liability or wrongdoing on the part of the Defendants, said allegations are denied.

75.

In response to the allegations of paragraph 73 of the Plaintiff's Complaint, said allegations are denied.

76.

In response to the allegations of paragraph 74 of the Plaintiff's Complaint, said allegations

are denied.

77.

In response to the allegations of paragraph 75 of the Plaintiff's Complaint, said allegations are denied.

78.

In response to the allegations of paragraph 76 of the Plaintiff's Complaint, said allegations are denied.

79.

In response to the allegations of paragraph 77 of the Plaintiff's Complaint, said allegations are denied.

80.

In response to the allegations of paragraph 78 of the Plaintiff's Complaint, said allegations do not require a response.  To the extent that a response is required and to the extent that Plaintiff is asserting any liability or wrongdoing on the part of the Defendants, said allegations are denied.

81.

In response to the allegations of paragraph 79 of the Plaintiff's Complaint, said allegations are denied.

82.

In response to the allegations of paragraph 80 of the Plaintiff's Complaint, said allegations are denied.

83.

In response to the allegations of paragraph 81 of the Plaintiff's Complaint, said allegations are denied, as written.

84.

In response to the allegations of paragraph 82 of the Plaintiff's Complaint, said allegations are denied, as written.

85.

In response to the allegations of paragraph 83 of the Plaintiff's Complaint, said allegations are denied, as written.

86.

In response to the allegations of paragraph 84 of the Plaintiff's Complaint, said allegations are denied.

87.

In response to the allegations of paragraph 85 of the Plaintiff's Complaint, said allegations are denied.

88.

In response to the allegations of paragraph 86 of the Plaintiff's Complaint, said allegations are denied.

89.

In response to the allegations of paragraph 87 of the Plaintiff's Complaint, said allegations are denied.

90.

In response to the allegations of paragraph 88 of the Plaintiff's Complaint, said allegations are denied.

91.

In response to the allegations of paragraph 89 of the Plaintiff's Complaint, said allegations

are denied, as written.

92.

In response to the allegations of paragraph 90 of the Plaintiff's Complaint, said allegations are denied, as written.

93.

In response to the allegations of paragraph 91 of the Plaintiff's Complaint, said allegations are denied.

94.

In response to the allegations of paragraph 92 of the Plaintiff's Complaint, said allegations are denied.

95.

In response to the allegations of paragraph 93 of the Plaintiff's Complaint, said allegations are denied.

96.

In response to the allegations of paragraph 94 of the Plaintiff's Complaint, said allegations are denied.

97.

In response to the allegations of paragraph 95 of the Plaintiff's Complaint, said allegations are denied.

98.

In response to the allegations of paragraph 96 of the Plaintiff's Complaint, said allegations are denied.

99.

In response to the allegations of paragraph 97 of the Plaintiff's Complaint, said allegations are denied.

100.

In response to the allegations of paragraph 98 of the Plaintiff's Complaint, said allegations are denied.

101.

In response to the allegations of paragraph 99 of the Plaintiff's Complaint, said allegations are denied.

102.

In response to the allegations of paragraph 100 of the Plaintiff's Complaint, said allegations are denied.

103.

In response to the allegations of paragraph 101 of the Plaintiff's Complaint, said allegations are denied.

104.

In response to the allegations of paragraph 102 of the Plaintiff's Complaint, said allegations are denied.

105.

In response to the allegations of paragraph 103 of the Plaintiff's Complaint, said allegations are denied.

106.

In response to the allegations of paragraph 104 of the Plaintiff's Complaint, said allegations

are denied.

107.

In response to the allegations of paragraph 105 of the Plaintiff's Complaint, said allegations are denied.

108.

In response to the allegations of paragraph 106 of the Plaintiff's Complaint, said allegations are denied.

109.

In response to the allegations of paragraph 107 of the Plaintiff's Complaint, said allegations are denied.

110.

In response to the allegations of paragraph 108 of the Plaintiff's Complaint, said allegations are denied.

111.

In response to the allegations of paragraph 109 of the Plaintiff's Complaint, said allegations are denied.

112.

In response to the allegations of paragraph 110 of the Plaintiff's Complaint, said allegations are denied.

113.

In response to any allegations contained in the unnumbered paragraph entitled "**JURY DEMAND**", Defendants object to a trial by jury on any issues or claims for which a trial by jury is not allowed and Defendants reserve the right file a motion to strike. To the extent said paragraph

is asserting any liability or wrongdoing on the part of the Defendants, said allegations are denied.

114.

In response to any allegations contained in the unnumbered paragraph entitled "**RELIEF SOUGHT**", Defendants deny that Plaintiff is entitled to any relief and Defendants expressly deny all items of relief set forth in said paragraph.  To the extent said paragraph is asserting any liability or wrongdoing on the part of the Defendants, Defendants deny and all such allegations.

### III.  COUNTERCLAIM

NOW COMES Wellspring Wound Care, LLC ("Wellspring"), Mr. Chad Bailey ("Chad Bailey") and Ms. Racheal Bailey ("Racheal Bailey") (collectively "Counterclaim Plaintiffs"), who assert this Counterclaim against Robert Marriot Medical Corp. d/b/a Advantage Wound Care, Inc. and who seek recovery of damages, including treble damages, interest, attorney's fees, costs and expenses in connection with Plaintiff's principal action and in connection with this Counterclaim and who further reserve the right to assert additional causes of action, claims and items of relief and who allege as follows:

1.

Made defendant in this Counterclaim is Robert Marriot Medical Corp. d/b/a Advantage Wound Care, Inc. ("Advantage" or "Counterclaim Defendant").

2.

Chad Bailey and Racheal Bailey previously worked as wound care nurses for Advantage. Advantage is in the business of providing wound care services to its customers, which include nursing home facilities.  Racheal Bailey separated her employment with Advantage on or about June 16, 2024.  Chad Bailey separated his employment with Advantage on or about September 26, 2024.  After Racheal Bailey separated her employment with Advantage, she became employed

with Wellspring.  After Chad Bailey separated his employment with Advantage, he became employed with Wellspring.  Wellspring provides wound care services to its customers, including nursing home facilities.  Chad Bailey and Racheal Bailey are wound care nurses rendering services to Wellspring's customers.  Advantage and Wellspring are competitors.

3.

Since Chad Bailey announced that he would be resigning from Advantage, Counterclaim Defendant, through its personnel and management, have intentionally and deliberately engaged in a course of action in order to prevent and/or limit lawful competition and have intentionally and deliberately engaged in a course of conduct and actions in an effort to prevent or limit the Counterclaim Plaintiffs from engaging in lawful competition.

4.

Advantage, acting through its Chief Operating Office, initially sent Chad Bailey threatening text messages in an intentional and deliberate attempt to prevent him from competing and going to work for a competitor, Wellspring.  This included, but was not limited to, threatened enforcement of unenforceable restrictive covenants (non-compete and non-solicitation of customer restrictions) that fail to comply with Louisiana law and, in particular, La.R.S. 23:921.

5.

In August, 2024 and before Chad Bailey's separation of employment, Advantage caused to be sent to Chad Bailey and Racheal Bailey threatening letters from its legal counsel demanding that they comply with purported restrictive covenants contained in certain Agreements and that Racheal Bailey cease and desist her employment with Wellspring.  The letters threatened legal enforcement, through litigation, of knowingly unlawful restrictive covenants.  This was designed and intended to prevent Chad Bailey and Racheal Bailey from working for a competitor,

Wellspring, and it was intended to directly and substantially interfere with Wellspring's lawful competition and negatively impact Wellspring's business, including the potential loss of business or potential gain of business.

6.

Additionally, Advantage personnel contacted customers of Wellspring and/or potential customers of Wellspring and communicated to them inaccurate or misleading information about Wellspring, Racheal Bailey and Chad Bailey. This included, but was not limited to, misrepresentations about the existence of litigation and a lawsuit, which was not pending, against the Baileys and/or Wellspring that would prohibit them from doing business with the customers. This further included threats to customers that doing business with Wellspring or allowing the Baileys to perform wound care services at their facilities would result in the customers being involved in litigation and a non-existent lawsuit. At the time that Advantage personnel engaged in such communications, there was no pending litigation and no lawsuit had been filed. Advantage's intentional and deliberate acts, conduct and communications caused a delay in Wellspring's onboarding and/or contracting with new customers which caused Wellspring economic losses and missed revenue opportunities.

7.

Despite Counterclaim Plaintiffs' attempting to work out a resolution of Advantage's frivolous demands and threats, Advantage escalated its efforts to interrupt and interfere with lawful competition by causing a lawsuit to be prepared, along with other pleadings, that Advantage threatened to file if the Counterclaim Plaintiffs did not cease competing with Advantage for wound care business, including wound care business in the nursing home industry. The threat of the filing of a lawsuit, which was prepared and presented by Advantage to the Counterclaim Plaintiffs in

November, 2024, was an intentional and direct attempt to enforce unenforceable restrictive covenants (non-compete and non-solicitation of customer restrictions) that fail to comply with Louisiana law and a direct and intentional effort to limit competition, force Advantage's customers to remain with Advantage and not do business with Wellspring or be serviced by the Baileys and to adversely affect and interrupt the business operations of Wellspring and to prevent it from engaging in lawful competition.

8.

In addition to attempting to enforce unlawful restrictive covenants, Advantage also made false allegations concerning alleged misappropriation and misuse of trade secrets. Advantage also demanded, with the threat of filing the lawsuit and commencing litigation against the Baileys and Wellspring, that the Baileys produce their cell phones for imaging and forensic examination under the guise of an alleged claim for misappropriation of trade secrets.

9.

In an effort to avoid the threatened lawsuit and litigation, the Baileys, in good faith, voluntarily allowed their mobile devices to be imaged and a forensic examination conducted. The forensic examination established that the devices did not contain any trade secrets of Advantage or any other confidential or proprietary information and/or documents. The forensic examination also established that no trade secrets or any other confidential or proprietary information and/or documents were transmitted by the Baileys, either through text messages or email, to any representative of Wellspring or to their own personal email addresses.

10.

Despite Advantage's knowledge that the restrictive covenants that they asserted are unenforceable and despite Advantage's knowledge that the Baileys did not misappropriate any

trade secrets or other confidential or proprietary information or files and despite having absolutely no factual basis for claiming that Wellspring obtained and used Advantage's trade secrets or confidential or proprietary information, Advantage further escalated its efforts to prevent, limit and restrict lawful competition by filing the above-captioned lawsuit purporting to allege multiple causes of action and claims for relief which have absolutely no basis in fact or law.  Advantage, through its Complaint for Damages and Injunctive Relief, has made allegations without any factual support and Advantage's pursuit of litigation is an intentional and deliberate attempt to interfere with and disrupt Wellspring and the provision of wound care services by the Baileys and it is a deliberate and intentional attempt to adversely affect, interfere with, restrict and/or eliminate lawful competition.

11.

Advantage's actions and conduct to date, including the filing of the above-captioned lawsuit, amount to an attempt to enforce unenforceable restrictive covenants (non-compete and non-solicitation of customer restrictions) and to obtain relief that essentially amounts to non-competition and non-solicitation of customers.

12.

Advantage has engaged in unfair methods of competition and unfair trade practices in violation of La.R.S. 51:1405(A) and 1409(A) and the Counterclaim Plaintiffs have a claim for relief pursuant to La.R.S. 51:1409(A).

13.

Advantage has engaged in deceptive conduct, as well as conduct that is unethical, oppressive, unscrupulous and substantially injurious to the Counterclaim Plaintiffs and its conduct and actions offend public policy.  Advantage has engaged in egregious, deliberate and intentional

conduct and actions in order to effectuate unfair methods of competition and in order to eliminate, interfere with or restrict fair competition and lawful competition.

14.

Additionally and because Advantage has asserted in the above-captioned lawsuit claims against the Counterclaim Plaintiffs under Louisiana's Unfair Trade Practices Act which are without factual and legal merit and which are not well grounded in both fact and law, the Counterclaim Plaintiffs are entitled to the recovery of attorney's fees, costs and expenses incurred in defense of the above-captioned lawsuit pursuant to La.R.S. 51:1409(A).

15.

Wellspring asserts that it has suffered economic damages as a direct result of Advantage's intentional and deliberate conduct as described herein. This includes, but is in no way limited to, business losses and/or loss or delay of business opportunities which have and/or will produce economic and monetary effects and damages.

16.

In accordance with La.R.S. 51:1409(B), a copy of this Counterclaim will be submitted to the Attorney General for the State of Louisiana. Counterclaim Plaintiffs hereby demand that Advantage immediately cease and desist its unfair trade practices and unfair methods of competition, that it discontinue their unfounded and frivolous claims and that it dismiss its lawsuit against the Counterclaim Plaintiffs.

17.

Additionally, the Counterclaim Plaintiffs assert a claim for treble damages pursuant to La.R.S. 51:1409(A), as well as a claim for interest, attorney's fees, court costs and expenses incurred by them.

18.

Counterclaim Plaintiffs assert this Counterclaim with full reservation of the right to amend and/or supplement this Counterclaim and to assert additional allegations, claims, causes of action and relief.

WHEREFORE, premises considered, Wellspring Wound Care, LLC, Chad Bailey and Racheal Bailey pray this this Defenses, Answer and Counterclaim pleading be deemed good and sufficient and that, after due proceedings, its defenses be granted and sustained and that all claims asserted by Robert Marriot Medical Corp. d/b/a Advantage Wound Care, Inc. be dismissed with prejudice at its cost.  Wellspring Wound Care, LLC, Chad Bailey and Racheal Bailey further pray that its Counterclaim be granted and that all items of relief sought be granted and that it be awarded all damages sustained, treble damage, economic damages, interest on all damages, attorney's fees, court costs and expenses and that Robert Marriot Medical Corp. d/b/a Advantage Wound Care, Inc. be cast in judgment for same.  Wellspring Wound Care, LLC, Chad Bailey and Racheal Bailey further pray that it be awarded all attorney's fees, costs and expenses incurred in defense of the above-captioned matter and that Robert Marriot Medical Corp. d/b/a Advantage Wound Care, Inc. be cast in judgment for same.  Wellspring Wound Care, LLC, Chad Bailey and Racheal Bailey further reserve the right to file a motion or application for attorney's fees, costs and expenses pursuant to FRCP Rule 54.  Wellspring Wound Care, LLC, Chad Bailey and Racheal Bailey further pray for any and all other available, just, equitable and legal relief.

Respectfully submitted,

s/Joel P. Babineaux
**Joel P. Babineaux, LA #21455 (T.A.)\***
E-mail: jbabineaux@bpasfirm.com
**Karen T. Bordelon, LA #20114**
E-mail: kbordelon@bpasfirm.com
**Sarah B. Dupont, LA #35048**
Email: sdupont@bpasfirm.com
Attorneys for Wellspring Wound Care,
LLC, Chad Bailey and Racheal Bailey
Babineaux, Poché, Anthony
   & Slavich, L.L.C.
P.O. Box 52169
Lafayette, LA  70505
Phone: (337) 984-2505
Fax: (337) 984-2503

**\* Board Certified Employment Law Specialist**
  **Louisiana Board of Legal Specialization**